UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JAMES FARRIS,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 2:24-cv-2263-SEM-EIL<br>) |
| KENT MARTIN, et al.,<br>    Defendants. | )<br>)<br>) |

**MERIT REVIEW ORDER**

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* James Farris has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983, together with Petitions to Proceed *in forma pauperis* (Docs. 3, 4). For the following reasons, Plaintiff's Complaint is dismissed without prejudice.

## I. Screening Standard

Plaintiff has requested leave to proceed under a reduced payment procedure for indigent plaintiffs who are not prisoners as defined in 28 U.S.C. § 1915(h).

A plaintiff without enough money to pay the fees for their lawsuit may apply to proceed without prepayment of fees. 28 U.S.C. § 1915(a); *Hyre v. University of Illinois*, 17 F. Supp. 2d 813, 814 (C.D. Ill. 1998). However, district courts have an obligation

under 28 U.S.C. § 1915(e)(2) to screen complaints before service on the defendants. *Suess v. Obama*, 2014 WL 293817, at *1 (N.D. Ind. Jan. 27, 2014). A plaintiff's *pro se* complaint must be dismissed "if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages." *Millen v. Wisconsin State Journal*, 2009 WL 2983046, at *1 (W.D. Wis. Sept. 14, 2009); 28 U.S.C. § 1915(e)(2)(B); *Suess*, 2014 WL 293817, at *1; *Hofelich v. United States*, 2006 WL 3841812, at *2 (S.D. Ill. Dec. 12, 2006).

In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

Plaintiff seeks to file suit against the Coles County Sheriff Kent Martin, Chief Deputy Tyler Heleine, and "the Nurse."

Plaintiff alleges that Defendants failed to provide him with mental health care because when he arrived at the Coles County Jail he said that he needed to see a psychiatrist for PTSD but he was told that he would have to submit a nurse sick call request first.

Plaintiff also alleges that staff at Coles County Jail refused to give him a new mattress, even though the mattress was flat. He claims that there is black mold in the Jail and that the detainees' clothes, bed sheets, towels, and blankets are all washed in the same machine and "smel[l] like dirty mops."

### III. Analysis

First, Plaintiff has not stated a claim for unreasonable medical care against any Defendants. *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (medical claims by pretrial detainees are brought under the Fourteenth Amendment and are subject to an objective unreasonableness standard).

Plaintiff alleges only that he was required to submit a nurse sick call request before he could be seen by a psychiatrist. To recover on a Fourteenth Amendment due process claim for delay in treatment, a plaintiff must "present verifying medical evidence that

the delay in medical care caused some degree of harm." *Miranda*, 900 F.3d at 347 (7th Cir. 2018) (internal quotations and citations omitted). Here, Plaintiff has not alleged that he suffered any harm as a result of being told that he could not immediately see a psychiatrist for PTSD.

In addition, Plaintiff may not proceed on a Fourteenth Amendment conditions of confinement claim.

> A pretrial condition can amount to punishment in two ways: first, if it is "imposed for the purpose of punishment," or second, if the condition "is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment."

*Mulvania v. Sheriff of Rock Island County*, 850 F.3d 849, 856 (7th Cir. 2017), *quoting Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979).

"Additionally, a . . . condition may amount to punishment if prison officials are deliberately indifferent to a substantial risk to the detainee's [health or] safety." *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999) (internal quotations omitted).

In Plaintiff's Complaint, he alleges that he was not provided a new mattress and that the clothes and other linens at the Jail smell like "dirty mops."

Page **4** of **8**

But a pretrial detainee has "no constitutional right to confinement in comfort." *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995). A comfortable mattress or an extra mattress to sleep on is not a basic necessity of life. *See Burton v. Downey*, 805 F.3d 776, 786 (7th Cir. 2015); *see also Smith v. Boughton*, 2018 WL 2985869, at *2 (W.D. Wis. June 14, 2018) (collecting cases and holding that a prisoner being forced to sleep on a 3/4-inch thick mattress for forty days instead of the regular four-inch thick mattress he slept on was not a denial of a basic life necessity).

In addition, stained laundry or infrequent laundry services do not constitute unconstitutional conditions of confinement. *See Passmore v. Josephson*, 376 F.Supp.3d 874, 881-82 (N.D. Ill. 2019) (collecting cases); *see also Myers v. Indiana Department of Correction*, 655 F. App'x 500, 504 (7th Cir. July 5, 2016) (plaintiff's allegation that laundry items were discolored and "smell[ed] like sweaty gym clothes" did not give rise to constitutional claim).

Finally, Plaintiff alleges that there is black mold in the Jail.

In order to state a Fourteenth Amendment claim due to unsafe conditions, Plaintiff must allege that "officials intentionally or recklessly maintained the [facility] in an unsafe condition" or that

"they were aware of previous" related issues. *Murphy*, 51 F.3d at 719. An allegation that "county officials *negligently* provided unsafe [conditions]…is insufficient to state a claim under the Due Process Clause." *Id* (emphasis added).

Here, Plaintiff alleges that the Jail regularly passes state inspections with "flying color[s]." He simultaneously alleges that "[t]he people that do the Inspection…never come in the County Jail." Plaintiff does not identify the people who are responsible for inspections as Defendants in this case. Plaintiff has named the Coles County Sheriff and Chief Deputy but has not alleged that they had any knowledge of alleged mold that was not flagged by inspections of the Jail.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Therefore, to hold Defendants liable under § 1983, Plaintiff must allege that "the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016).

Plaintiff has not done so, and Defendants may not be held liable due only to their role as supervisors. *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (supervisor liability not permitted under § 1983).

For these reasons, Plaintiff's Complaint must be dismissed. However, dismissal is without prejudice. Therefore, Plaintiff will be granted an opportunity to file an amended complaint.

In addition, the Court has reviewed Plaintiff's Petitions to Proceed *in forma pauperis*. Plaintiff lists "N/A" or "$0.00" in response to all questions—including not only sources of income or assets but also costs of living.

"Courts have wide discretion to decide whether a litigant is impoverished, and a court must dismiss a case if it determines any time during the suit that the plaintiff's allegation of poverty is untrue." *Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. Sept. 20, 2012) (internal citations omitted).

The Court finds that the assertions in Plaintiff's Petitions are likely implausible, given that he has no reported living expenses. Therefore, the Court denies the Petitions without prejudice. If Plaintiff wishes to proceed with an amended complaint he may also

file an amended petition to proceed *in forma pauperis*, either accounting for living expenses or explaining briefly why he has no such expenses.

**IT IS THEREFORE ORDERED:**

**1)   Plaintiff's Complaint [1] is DISMISSED, without prejudice, for failure to state a claim.**

**2)   Plaintiff is granted leave to file an amended complaint, within 21 days. If Plaintiff does not file an amended complaint by that date, or if the amended complaint still fails to state a claim, then this case will be dismissed with prejudice.**

**3)   Plaintiff's Petitions to Proceed *in forma pauperis* [3], [4] are DENIED without prejudice. The Clerk is directed to send Plaintiff a blank AO 239 form, which Plaintiff must complete and file within 21 days. Failure to file an updated petition or to pay the filing fee in full will result in dismissal of this case.**

ENTERED May 14, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE